IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JERMAINE SHOCKLEY,** | : | |
| Petitioner, | : | |
| | : | **CIVIL ACTION** |
| v. | : | No. 13-3759 |
| | : | |
| **JOHN E. WETZEL et al.,** | : | |
| Respondents. | : | |

**McHUGH, J.**                                                                                                           **April 21, 2023**

**MEMORANDUM**

Petitioner in this habeas matter originally sought relief from a state sentence of mandatory life without parole. Mr. Shockley asserted that his mandatory life sentence was unconstitutional under the U.S. Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012), because he was a juvenile at the time of his underlying offense. Now that the state court has re-sentenced Petitioner in accordance with *Miller*, he seeks to amend his Petition to assert claims involving his conviction. But because Mr. Shockley's original Petition raised only one claim – the constitutionality of his sentence – he cannot now amend his Petition to add wholly separate facts and new legal claims for habeas relief. I must therefore deny his Petition.

**I.      Relevant Background**

Petitioner Jermaine Shockley was convicted by a jury of first-degree murder in the Court of Common Pleas of Delaware County on June 12, 2009. Report and Recommendation ("R&R") at 1, ECF 11. The underlying offense occurred on February 2, 2006, when Shockley was 16 years old. *See Commonwealth v. Shockley*, CP-23-CR-0008078-2007 (listing Shockley's date of birth).

On July 27, 2009, Judge Patricia Jenkins sentenced Shockley to a mandatory term of life imprisonment without the possibility of parole. R&R at 1. The Pennsylvania Superior Court

affirmed the judgment of sentence on October 3, 2010, and the state Supreme Court denied Shockley's Petition for Allowance of Appeal on August 8, 2011. *See Commonwealth v. Shockley*, 11 A.3d 1016 (Pa. Super. Ct. 2010), *appeal denied*, 26 A.3d 483 (Pa. 2011).

Mr. Shockley subsequently filed a petition challenging his conviction under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S. § 9541 *et seq*. On July 23, 2012, after PCRA counsel was appointed, Shockley's counsel filed an amended petition asserting that Shockley's sentence was unconstitutional under *Miller v. Alabama*, 567 U.S. 460 (2012), which held that mandatory life imprisonment without parole for someone under the age of 18 at the time of their offense violates the Eighth Amendment. R&R at 1-2. Judge Jenkins ultimately dismissed the PCRA petition on the merits. *See Commonwealth v. Shockley*, No. 1042 EDA 2013, 2014 WL 10752170 at *2 (Pa. Super. Ct. Dec. 17, 2014). The Superior Court affirmed on appeal and allowed Shockley's counsel to withdraw, holding that Shockley's *Miller* claim was meritless under *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013), where the Pennsylvania Supreme Court held that *Miller* did not apply retroactively. *Shockley*, 2014 WL 10752170 at *3.

The U.S. Supreme Court later held that *Miller* must be applied retroactively in *Montgomery v. Louisiana*, 577 U.S. 190 (2016). Two weeks after *Montgomery* was issued, Shockley filed a new *pro se* PCRA petition re-asserting his claim that his sentence was unconstitutional under *Miller*. *See Commonwealth v. Shockley*, CP-23-CR-0008078-2007. After some delay, Shockley was resentenced in November 2021 to a prison term of 24 to 48 years by Judge James Bradley in the Court of Common Pleas of Delaware County. *Id.* The Commonwealth then moved to amend this sentence, likely because post-*Miller*, some Pennsylvania courts have held that a juvenile first-degree murder conviction still requires the trial court to set a maximum term of life imprisonment, even if the minimum term is substantially lower. *See Commonwealth v. Seskey,* 170 A.3d 1105

2

(Pa. Super. Ct. 2017). *But see Commonwealth v. Sanchez-Frometa*, 256 A.3d 440, 448 n.3 (Pa. Super. Ct. 2021) (noting that the holding in *Seskey* likely does not apply to juvenile offenders convicted of first-degree murder in Pennsylvania after June 24, 2012). Judge Bradley subsequently amended Shockley's sentence to a minimum of 24 years to a maximum of life imprisonment on November 29, 2022. *See Shockley*, CP-23-CR-0008078-2007.

## II.     Procedural History

Mr. Shockley filed a Petition for Writ of Habeas Corpus on June 20, 2013,[1] alleging that his sentence violated the Eighth Amendment under the Supreme Court's decision in *Miller*. ECF 1. Shockley filed an amended petition in December 2013, in which he expanded on his *Miller* argument. ECF 9. Because Shockley's PCRA proceedings were ongoing in state court at the time, his Petition was stayed pending exhaustion of his claims in state court in December 2014. ECF 12.

On January 31, 2023, Mr. Shockley sent a letter notifying this Court that he had been resentenced in accordance with *Miller* and asking to restart his federal habeas proceedings. ECF 14. Based on Shockley's letter and my review of his state criminal docket, I lifted the stay and granted Shockley 45 days to identify any remaining claims in his original petition that he wished to advance. ECF 17. On April 11, 2023, Shockley filed a Motion for an Extension of Time and Appointment of Counsel, in which he indicated a desire to drop his *Miller* claim and advance additional constitutional issues relating to his conviction:

> The Delaware County Court of Common Pleas **addressed** The SENTENCING issue in accord to Miller V. Alabama. The Petitioner raised the Sentencing ISSUE his § 2254 Petition. The Re/sentencing issue is FINAL! The Petitioner is

---

[1] Shockley's Petition was docketed on June 27, 2013, but under the prison mailbox rule, court filings from incarcerated parties are treated as docketed on the date they are mailed. *See Burns v. Morton*, 134 F.3d 109, 112-13 (3d Cir. 1998). Because the Petition is dated June 20, 2013, I will consider the Petition filed on that date.

> SATISFIED and **WAIVER** of this issue is appropriate. The Petitioner wish to drop the CLAIM and will not pursue the matter in the §2254 Petition. The Petitioner seeks to litigate one (1) Issue before this Court, "TO CHALLENGE THE UNLAWFUL CONVICTION", and an Extension of Time is requested, and The Appointment of Counsel is needed.

ECF 19 at 1.

### III.    Legal Standard

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court must preliminarily review habeas petitions and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this Rule, a court is therefore "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

### IV.    Discussion

Mr. Shockley does not cite any legal basis on which he may now add claims to his Petition, but as a *pro se* petitioner I will construe his filing as a request to amend his Petition under Federal Rule of Civil Procedure 15(c).[2]

Rule 15(c) allows a court to treat an untimely amendment to a case-initiating document as timely if the amendment "relates back" to the original pleading, in that it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." *See* Fed. R. Civ. P. 15(c)(1). In the habeas context, the Supreme Court has cautioned that "conduct, transaction, or occurrence" does not broadly encompass the entire "trial, conviction, or sentence." *United States v. Santarelli*, 929 F.3d 95, 101 (3d Cir. 2019) (citing *Mayle*

---

[2] Courts are obligated to liberally construe pleadings filed by *pro se* litigants and hold such filings to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*v. Felix*, 545 U.S. 644, 656-57).  Instead, an amendment to a habeas petition "relates back" if the claims asserted in the original petition and the amendment "are tied to a common core of operative facts." *Mayle*, 545 U.S. at 664.

Constitutional claims involving Shockley's conviction cannot "relate back" under this standard. Mr. Shockley's original Petition and Amended Petition focused exclusively on the unconstitutionality of Petitioner's sentence under *Miller*.  Both documents contain extensive and skilled legal argument regarding *Miller* and why it must apply retroactively.  *See generally* ECF 1 and 9.  But there are few facts about Shockley's sentence, and no facts whatsoever about his underlying conviction.  Any claim that Shockley would now seek to advance regarding the constitutionality of his conviction would necessarily involve a different set of operative facts at a wholly different stage in the proceedings, as contrasted with any of the facts asserted in support of his *Miller* claim.  Indeed, in *Mayle*, the Supreme Court emphasized that a new claim cannot "relate back" when it is "supported by facts that differ in both time and type from those the original pleading set forth."  545 U.S. at 650.  Allowing Shockley to amend his Petition to add any claims challenging his underlying conviction at this stage would therefore be impermissible under Rule 15 and the binding precedent interpreting it.

Because I cannot grant Shockley leave to amend his Petition, his only outstanding claim revolves around his sentencing.  But because Mr. Shockley states that he is satisfied with his resentencing and wishes to "drop" his prior claim, this claim is now moot, and he has no colorable grounds on which to seek habeas relief.  I am therefore constrained to deny his Petition.

## V. Conclusion

For the reasons set forth above, I will deny the Petition for Writ of Habeas Corpus. And because I find that Shockley has not made a substantial showing of any remaining constitutional violation, a certificate of appealability will not issue. An appropriate order follows.

/s/ Gerald Austin McHugh
United States District Judge
